# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

EDMOND MCCLINTON,                      *
                                       *
            Petitioner,                *
v.                                     *
                                       *        No. 5:13CV00226-SWW-JJV
GREG BOLIN, Jail Administrator, W.C.   *
"Dub" Brassell Detention Center        *
                                       *
            Respondent.                *

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

On July 23, 2013, Mr. McClinton filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking dismissal of his criminal charges and release from pretrial detention.  (Doc. Nos. 2, 9.)  Based on a review of these claims, the Court finds that dismissal of the Petition is appropriate.

Mr. McClinton is in pretrial custody awaiting trial.  (Doc. No. 2.)  Because his trial is pending in state court, this Court must abstain from considering these claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  Under the rule of *Younger*, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id.* at 45.  Injunctive relief is generally unavailable unless a petitioner can show that he will suffer "irreparable injury" absent injunction. Where a federal injunction is sought against ongoing state proceedings, the standard is even higher:

[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by

2

his defense against a single criminal prosecution.

*Id*. at 46 (internal citation and quotation marks omitted).

*Younger* applies if the state proceeding is (1) presently pending; (2) involves an important state interest; and (3) affords Petitioner an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982.)  Mr. McClinton's case is pending and a charge of rape involves an  important state interest.  And, with appointed counsel at his side, he will have adequate opportunity to raise his claims of violations of his right to a speedy trial, his right to a probable cause hearing or preliminary examination, his right to challenge the legitimacy of his charges, and his right to bail that is not excessive.

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts."  *Drury v. Cox*, 457 F.2d 764, 764-5 (9th Cir. 1972.)  Mr. McClinton's case is not so unusual to warrant federal intervention.

Accordingly, after careful consideration of the Petition for Writ of Habeas Corpus, the Court concludes it must be dismissed with prejudice[1].  *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973).

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Mr. McClinton's § 2241 Petition (Doc. No. 2) should be DISMISSED with prejudice, and the requested relief be DENIED;

---

[1]He will not be prejudiced by dismissal with prejudice of his § 2241 petition. *Yellowbear v. Wyoming Attorney General*, 525 F.3d 921, 925 (10th Cir. 2008) (dismissal of first § 2241 habeas petition does not make later petition under § 2254 "second or successive" within the meaning of § 2244(b)) (following *Jacobs v. McCaughtry*, 251 F.3d 596, 597–98 (7th Cir. 2001) (per curiam)). So should Mr. McClinton be later convicted, he may raise these claims in a properly filed § 2254 petition after exhausting proceedings in the state courts.

2.      All pending motions should be rendered MOOT.

DATED this <u>18th</u> day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE